506 P.2d 63

**Kenneth L. ROTHEY, Plaintiff and Respondent,**

v.

**STEREO–RAMA, INC., a Utah corporation, et al., Defendants,**

and

**George F. Moore and Karen Moore, his wife, Defendants and Appellants.**

**No. 12906.**

Supreme Court of Utah.

Feb. 6, 1973.

---

**140**

Lorin N. Pace, Salt Lake City, for defendants-appellants.

Watkins & Faber, Walter P. Faber, Jr., Salt Lake City, for plaintiff-respondent.

CALLISTER, Chief Justice:

Plaintiff initiated this action against corporate defendant, Stereo-Rama, to foreclose a real estate mortgage securing a note for the sum of $90,000.00. Plaintiff joined all parties claiming an interest in the realty junior to his. Upon trial before the court, a judgment of foreclosure was rendered. George F. Moore and his wife, Karen Moore, who claim an interest junior to plaintiff's appeal therefrom.

The Moores assert that the trial court erred as a matter of law in its conclusion that this action was timely brought after default in the payments of the note by the corporate mortgagor. The Moores accepted the findings of fact of the trial court and did not order a transcript of the testimony adduced before the trial court. The Moores contend that at the time this action was brought there was no default; and, therefore, the action should be dismissed. The note provided for a thirty-day grace period for the payment of all installments before a default might be declared; it further provided that payments were to commence as of the 5th of June, 1969. The mortgagor failed to pay the installment of principal and interest provided by the note for August 5, 1971. Plaintiff commenced this action September 7, 1971. The Moores claim that there was an oral agreement

which provided that payments be made on or before the tenth day of the month; they, therefore, contend that the grace period had not expired at the time the action was commenced, and a default had not occurred. There is nothing in the record before this court to support Moores' assertions. The trial court specifically found that this action was commenced after September 5, 1971, when the note and mortgage were more than 30 days in default. The judgment of the trial court is affirmed. Costs are awarded to plaintiff.

HENRIOD, CROCKETT, ELLETT, and TUCKETT, JJ., concur.